IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**ALEC McCARTHY**                                                                                         **PLAINTIFF**

V.                                    **CASE NO. 5:24-CV-5010**

**CALVARY BAPTIST MINISTRIES, INC.;**
**CALVARY INDUSTRIES, INC. d/b/a**
**CALVARY CANDLES; and JOHN DOES 1–10**                                **DEFENDANTS**

## ORDER

Now before the Court is Plaintiff Alec McCarthy's Motion for Leave to Substitute Cambrin Collins for Defendant John Doe 1, and to File a First Amended Complaint Reflecting This Substitution (Doc. 61), filed on May 19, 2025. Defendants Calvary Baptist Ministries, Inc. ("Calvary Ministries") and Calvary Industries, Inc. d/b/a Calvary Candles ("Calvary Industries") have filed a Response (Doc. 62) opposing the Motion. The Court has also reviewed the exhibits attached to the Motion and Response.

In Plaintiff's initial Complaint (Doc. 2), filed January 16, 2024, he named unidentified tortfeasors, John Does 1–10, pursuant to Arkansas Code § 16-56-125. (Doc. 2, ¶ 9). His attorney also filed an affidavit attesting that the tortfeasors' identities were unknown, as required by § 16-56-125(c). Per the Case Management Order (Doc. 27) issued on May 16, 2024, and later extensions granted by the Court and/or agreed to by the parties in September 2024, the following relevant deadlines were set in this case:

- **August 14, 2024** – deadline to seek leave to add or substitute parties;

- **June 9, 2025** – discovery deadline (extended from May 14, 2025, by consent of the parties, *see* Docs. 29 & 30); and

- **June 25, 2025** – dispositive motion deadline (extended from May 28, 2025, by text only order of the Court, *see* Doc. 30).

1

The Court's Case Management Order states, "The deadlines set forth above are firm. Extensions and/or continuances will not be considered absent very compelling circumstances." (Doc. 27, p. 7).

Defendants have filed three motions for summary judgment based on the statute of limitations (Doc. 33, filed by Calvary Ministries and Calvary Industries on February 5, 2025), charitable immunity (Doc. 40, filed by Calvary Ministries on March 26, 2025), and an absence of duty and/or causation (Doc. 45, filed by Calvary Industries on April 11, 2025). On May 19, 2025, Plaintiff filed the instant Motion, asserting that he had learned new facts while deposing London Silas on March 20, 2025, that justify the substitution of Cambrin Collins—director of Calvary Ministries, president of Calvary Industries, and corporate representative for both Defendants—as a named party.

Plaintiff was a student at Calvary Boys Ranch[1] when he was a minor. He alleges that during his time there he was sexually abused; the first instance of which was by a staff member when the staff member engaged in mutual masturbation with Plaintiff in a bathroom stall in exchange for candy and energy drinks while on a trip to sell candles. Plaintiff told London Silas, another student at the Ranch, about the abuse. According to Plaintiff's initial theory of the case, Silas then reported the full extent of the abuse (i.e., the mutual masturbation) to then-superintendent Tim Knight. According to Defendants, however, Silas told Knight only that a staff member had shown Plaintiff a photo of a nude woman. Apparently, discovery showed that Knight then told Cambrin Collins there was a report that a staff member had shown Plaintiff a nude photo. *See* Doc. 62-11, p. 4 (Collins

---

[1] Per the parties' explanation at the Case Management Hearing on May 14, 2024, the Court understands Calvary Boys Ranch to be a ministry of Calvary Ministries, which is a not-for-profit Oklahoma entity. Calvary Boys Ranch is not its own entity.

2

Depo., taken January 2025); Doc. 61-5 (Knight's handwritten summary from 2014). Knight and Collins interviewed Silas and Plaintiff, decided Plaintiff was lying, and took no further action—Plaintiff alleges the failure to act exposed him to ongoing sexual abuse from staff members and other students for approximately two more years.

In Silas's deposition on March 20, 2025, however, Silas stated that he, in fact, reported the mutual masturbation to Cambrin Collins, not Tim Knight. Plaintiff argues that this materially changes the personal liability that Collins bears because Collins's failure to act on a report of mutual masturbation justifies naming him as a defendant in a way that was not justified had he merely failed to act on the report of the nude photo.

Defendants argue that Plaintiff's request is made in bad faith to reach Calvary Ministries' insurance while skirting around charitable immunity. Defendants provide multiple communications from mid-April 2025 up to the filing of the instant Motion, in which the parties discussed the charitable immunity defense, insurance coverage, possible stipulations of dismissal, and substituting the insurer under Arkansas's direct action statute, Ark. Code Ann. §23-79-210.[2] Plaintiff first mentioned naming Collins as a party in a communication to Defendants on May 1, 2025, in which Plaintiff noted: (a) that after further analysis of the charitable immunity defense and the insurer's potential coverage obligations, it was no longer in Plaintiff's best interest to stipulate to dismissal of Calvary Ministries or Calvary Industries; (b) that he intended to seek leave to substitute Collins, who would not be protected by charitable immunity pursuant to Arkansas Code § 16-120-

---

[2] Under Arkansas Code § 23-79-210(a), a plaintiff can proceed directly against a nonprofit corporation's insurer to the extent of coverage, even though the plaintiff may not sue the nonprofit itself. Plaintiff did not bring a direct action in this case, and the parties' attempt at negotiating a dismissal of the current parties for substitution of the insurance company failed. *See* Docs. 62-1 to 62-9.

703, as a party based on the Silas deposition; and (c) that he would still "agree to dismiss with prejudice *all* currently named Defendants, to be replaced by [Calvary Ministries' insurer] per a direct action," *if* the insurer agreed "not to challenge coverage." (Doc. 62-8). Lastly, Defendants argue that, at this point in the suit, Collins has no time to engage in the litigation for his individual defense and would, therefore, be unjustly prejudiced.

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," which courts "should freely give . . . when justice so requires." Under Rule 15(a), a district court may deny leave to amend when there are "compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (quotations marks and citations omitted).

But, "[w]hen a party seeks to amend after court-imposed deadlines for doing so, . . . the stricter standards of Federal Rule of Civil Procedure 16 apply." *Midwest Med. Sols., LLC v. Exactech U.S., Inc.*, 95 F.4th 604, 607 (8th Cir. 2024), *reh'g denied*, 2024 WL 1561617 (8th Cir. Apr. 11, 2024) (citations omitted). Under Rule 16(b)(4), a scheduling order may be modified "only for good cause and with the judge's consent." The Eighth Circuit has explained that Rule 16(b)'s "good cause" standard is more "stringent" than Rule 15(a) and is "not optional." *Midwest Med. Sols.*, 95 F.4th at 607 (citations omitted). "Where there has been no change in the law, no newly discovered facts, or any other changed circumstance after the scheduling deadline for amending pleadings, then [courts] may conclude that the moving party has failed to show good cause." *Id.* (cleaned

up). "The movant's diligence in attempting to meet the case management order's requirements is the *primary measure* of good cause." *Id.* (emphasis added) (internal quotations marks and citation omitted).

Here, the Court finds that Plaintiff has not shown good cause to modify the scheduling order at this stage in the litigation. The instant Motion was filed approximately three weeks before the already-extended discovery deadline and five weeks before the already-extended dispositive motion deadline. Three motions for summary judgment have already been filed and fully briefed in this case. What's more, over nine months passed between the deadline to seek leave to substitute parties and Plaintiff's Motion for Leave to substitute Collins, and—perhaps most importantly—Plaintiff allowed approximately two months to pass between Silas's deposition and Plaintiff's Motion. The Court views this as a lack of diligence in attempting to meet its imposed deadlines—the "primary measure" of good cause. *Midwest Med. Sols.*, 95 F.4th at 607 (citations omitted).

While the Court recognizes that Silas's deposition provided additional information about Collins's precise involvement, the Court disagrees that this provides an adequate basis for substituting him as a party this late in the game given the context of this case. Silas's identity was known to Plaintiff from the start of the litigation, he was the main witness to support Defendants' knowledge of the abuse, yet Plaintiff did not depose Silas until seven months after the deadline to seek leave to amend. Moreover, even Plaintiff's initial understanding of the facts involved Collins's failure to report the nude photo, which Plaintiff questioned Collins about in his January 2025 deposition. *See* Doc. 62-11, pp. 2–12 (questioning Collins on his training for reporting child sex abuse and whether he would have reported the nude photo had he not believed Plaintiff was lying). Lastly, though

5

Plaintiff makes much of the difference between Collins's involvement having only known of the nude photo and Collins's involvement having known about the mutual masturbation, Plaintiff never named Tim Knight as a party, despite initially believing Knight had been informed of the full extent of the abuse.[3]

For these reasons, **IT IS HEREBY ORDERED** that the Motion for Leave (Doc. 61) is **DENIED**. The Court finds that Plaintiff has failed to show good cause, particularly due to the untimeliness of the Motion.

**IT IS SO ORDERED** on this 5th day of June, 2025.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[3] The Court acknowledges the parties' representation that Tim Knight now has Alzheimer's disease, which prevents him from competently participating or providing reliable testimony in this litigation. Plaintiff has not asserted that this factored into his decision to not sue Tim Knight.